ORIGINAL

1   John T. Hickey, Jr., P.C. (*Pro Hac Vice*)
    john.hickey@kirkland.com
2   Craig D. Leavell (*Pro Hac Vice*)
    craig.leavell@kirkland.com
3   KIRKLAND & ELLIS LLP
    300 North LaSalle
4   Chicago, Illinois 60654-6436
    Telephone:  (312) 862-2000
5   Facsimile:   (312) 862-2200

6   Philip T. Chen (State Bar No. 211777)
    philip.chen@kirkland.com
7   **KIRKLAND & ELLIS LLP**
    777 South Figueroa Street
8   Los Angeles, California  90017-5800
    Telephone:  (213) 680-8400
9   Facsimile:   (213) 680-8500

10  Attorneys for Defendant/Counterclaimant
    DMAX LTD.

11

12              UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14                   SOUTHERN DIVISION

15

| | |
|---|---|
| KRUSE TECHNOLOGY PARTNERSHIP, | CASE NO. SACV09-00458 JVS (JWJx) |
| Plaintiff, | |
| vs. | **ANSWER AND COUNTERCLAIMS OF DMAX LTD.** |
| DMAX LTD., | |
| Defendant/Counterclaimant. | **DEMAND FOR JURY TRIAL** |
| AND RELATED COUNTERCLAIMS | Hon. James V. Selna |

24

25      Defendant DMAX Ltd. ("DMAX") hereby answers the First Amended

26  Complaint of Kruse Technology Partnership ("Kruse") as follows:

27

28

# I. THE PARTIES

1. DMAX lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 1, and accordingly denies the allegations of paragraph 1.

2. Admitted.

3. DMAX admits that it is a joint venture between General Motors Corporation and Isuzu Diesel Services of America, Inc. To the extent that "diesel engines" in paragraph 3 of the first amended complaint means engine mechanical components, DMAX admits that it manufactures "diesel engines" that are supplied to General Motors for inclusion in Chevrolet and GMC brand trucks. To the extent that "diesel engines" in paragraph 3 of the first amended complaint means a complete engine with a controller operational to control fueling to the engine, DMAX denies that it manufactures "diesel engines" that are supplied to General Motors. DMAX denies the remaining allegations in paragraph 3.

# II. JURISDICTION AND VENUE

4. DMAX incorporates the answers provided to paragraphs 1-3 as though fully stated herein.

5. DMAX admits that Kruse's First Amended Complaint for Patent Infringement purports to recite an action arising under the patent laws of the United States, 35 U.S.C. § 100, *et seq.* DMAX denies that there is any basis for this action and that Kruse is entitled to any relief, as it requests or otherwise, and accordingly denies the remaining allegations in paragraph 5.

6. Admitted.

7. For purposes of this answer only, DMAX does not challenge that venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b). DMAX notes that Plaintiff has failed to allege that this Court has personal jurisdiction over DMAX by virtue of its business activities in this District.

### III.    FIRST CLAIM FOR RELIEF: PATENT INFRINGEMENT
### (U.S. PATENT NO. 5,265,562)

8.    DMAX incorporates the answers provided to paragraphs 1-7 as though fully stated herein.

9.    DMAX admits that on its face U.S. Patent No. 5,265,562 ("the '562 patent") is entitled "INTERNAL COMBUSTION ENGINE WITH LIMITED TEMPERATURE CYCLE." DMAX further admits that, on its face, the '562 patent recites an issue date of November 30, 1993, and lists Douglas C. Kruse as inventor. DMAX also admits that a document purporting to be the '562 patent was attached to the First Amended Complaint as Exhibit A. DMAX denies the remaining allegations of paragraph 9.

10.    DMAX lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 10, and accordingly denies the allegations of paragraph 10.

11.    Denied.

12.    Denied.

13.    Denied.

### IV.    SECOND CLAIM FOR RELIEF: PATENT INFRINGEMENT
### (US. PATENT NO. 6,058,904)

14.    DMAX incorporates the answers provided to paragraphs 1-13 as though fully stated herein.

15.    DMAX admits that on its face U.S. Patent No. 6,058,904 ("the '904 patent") is entitled "INTERNAL COMBUSTION ENGINE WITH LIMITED TEMPERATURE CYCLE." DMAX further admits that, on its face, the '904 patent recites an issue date of May 9, 2000, and lists Douglas C. Kruse as inventor. DMAX also admits that a document purporting to be the '904 patent was attached to the First Amended Complaint as Exhibit B. DMAX denies the remaining allegations of paragraph 15.

16.    DMAX lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 16, and accordingly denies the allegations of paragraph 16.

17.    Denied.

18.    Denied.

19.    Denied.

## V. THIRD CLAIM FOR RELIEF: PATENT INFRINGEMENT
### (U.S. PATENT NO. 6,405,704)

20.    DMAX incorporates the answers provided to paragraphs 1-19 as though fully stated herein.

21.    DMAX admits that on its face U.S. Patent No. 6,405,704 ("the '704 patent") is entitled "INTERNAL COMBUSTION ENGINE WITH LIMITED TEMPERATURE CYCLE."  DMAX further admits that, on its face, the '704 patent recites an issue date of June 18, 2002, and lists Douglas C. Kruse as inventor.  DMAX also admits that a document purporting to be the '704 patent was attached to the First Amended Complaint as Exhibit C.  DMAX denies the remaining allegations of paragraph 21.

22.    DMAX lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 22, and accordingly denies the allegations of paragraph 22.

23.    Denied.

24.    Denied.

25.    Denied.

## RESPONSE TO PRAYER FOR RELIEF

DMAX denies that Kruse is entitled to any relief in this action against DMAX and specifically requests:

1.    judgment be entered for DMAX that it does not infringe, either directly

-4-

1  or indirectly, U.S. Patent Nos. 5,265,562; 6,058,904; and 6,405,704; and that those
2  patents are invalid;

3       2.    no injunctive relief issue to Kruse against DMAX;

4       3.    no damages be awarded to Kruse against DMAX;

5       4.    no costs or interest be awarded to Kruse against DMAX; and

6       5.    costs, expenses, and attorneys' fees be awarded to DMAX for its defense
7  of this case.

## AFFIRMATIVE AND OTHER DEFENSES

For the asserted affirmative and other defenses, DMAX does not assume the burden of proof where such burden is not legally upon DMAX.  DMAX asserts the following affirmative and other defenses and reserves the right to amend its answer to assert any other basis for invalidity, unenforceability, or any other defense:

## FIRST DEFENSE: NON-INFRINGEMENT

DMAX does not infringe and has not infringed, either directly, indirectly, contributorily, or by inducement, any valid claim of the '562, '904, or '704 patents, either literally or under the doctrine of equivalents.

## SECOND DEFENSE: INVALIDITY

The claims of the '562, '904, and '704 patents are invalid for failure to comply with the requirements of Title 35, United States Code, including, but not limited to, sections 101, 102, 103, and/or 112.

## THIRD DEFENSE: WAIVER

Kruse's claims for relief are barred in whole or in part by the equitable doctrine of waiver.

-5-

## FOURTH DEFENSE: ESTOPPEL

Kruse's claims for relief are barred in whole or in part by the equitable doctrine of estoppel.

## FIFTH DEFENSE: LACHES

Kruse's claims for relief are barred in whole or in part by the equitable doctrine of laches.

## SIXTH DEFENSE: PROSECUTION HISTORY ESTOPPEL

Kruse is estopped by the doctrine of prosecution history estoppel from asserting infringement under the doctrine of equivalents for one or more of the claims of either the '562, '904, or '704 patents.

## SEVENTH DEFENSE: MARKING AND DAMAGES LIMITATIONS

Kruse's claim for patent infringement damages for the '562, '904, and '704 patents is statutorily limited by Title 35, United States Code, including, but not limited to, sections 286 and 287.

## EIGHTH DEFENSE: UNITED STATES GOVERNMENT IMMUNITY

Kruse's claim for relief is barred by 28 U.S.C. § 1498 to the extent that any actions accused of infringement are by or for the United States Government and with the authorization or consent of the United States Government.

## NINTH DEFENSE: IMPROPER CLAIM SPLITTING

Kruse's claim for relief is precluded by the doctrine of improper claim-splitting between this case and *Kruse Technology Partnership v. General Motors Corp.*, No. SACV 08-1452-JVS (JWJx) before the Honorable James V. Selna.

**COUNTERCLAIMS**

1. Defendant/Counter-Plaintiff DMAX LTD. ("DMAX") is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business at 3100 Dryden Rd, Dayton, OH 45439-1622.

2. On information and belief, Plaintiff/Counter-defendant Kruse Technology Partnership ("Kruse") is a California Limited Partnership located at 1121 N. Cosby Way, Suite G, Anaheim, California 92806.

**JURISDICTION AND VENUE**

3. This is an action arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, for a declaratory judgment that patents allegedly owned by Kruse are not infringed by DMAX and are invalid.

4. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338 and 28 U.S.C. §§ 2201 and 2202. An actual controversy exists because Kruse is asserting infringement of the '562, '904, and '704 patents (the "Patents-in-Suit") by DMAX and DMAX denies these assertions.

5. This Court has personal jurisdiction over Kruse and venue is proper because Kruse has voluntarily appeared and consented to this venue by filing its claims for patent infringement here.

**COUNT 1**

**(Request for Declaratory Judgment of Non-Infringement of U.S. Patent No. 5,265,562)**

6. DMAX realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 5.

7. DMAX has not infringed, has not contributed to infringement by others of, and has not induced infringement by others of any claim of the '562 patent, either literally or under the doctrine of equivalents.

-7-

## COUNT 2

**(Request for Declaratory Judgment of Patent Invalidity of U.S. Patent No. 5,265,562)**

8.    DMAX realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 5.

9.    The claims of the '562 patent are invalid for failing to satisfy one or more of the conditions of patentability under 35 U.S.C. §§ 101, *et. seq.*, including, without limitation, sections 101, 102, 103, and/or 112.

## COUNT 3

**(Request for Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,058,904)**

10.    DMAX realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 5.

11.    DMAX has not infringed, has not contributed to infringement by others of, and has not induced infringement by others of any claim of the '904 patent, either literally or under the doctrine of equivalents.

## COUNT 4

**(Request for Declaratory Judgment of Patent Invalidity of U.S. Patent No. 6,058,904)**

12.    DMAX realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 5.

13.    The claims of the '904 patent are invalid for failing to satisfy one or more of the conditions of patentability under 35 U.S.C. §§ 101, *et. seq.*, including, without limitation, sections 101, 102, 103, and/or 112.

## COUNT 5

**(Request for Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,405,704)**

14.   DMAX realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 5.

15.   DMAX has not infringed, has not contributed to infringement by others of, and has not induced infringement by others of any claim of the '704 patent, either literally or under the doctrine of equivalents.

## COUNT 6

**(Request for Declaratory Judgment of Patent Invalidity of U.S. Patent No. 6,405,704)**

16.   DMAX realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 5.

17.   The claims of the '704 patent are invalid for failing to satisfy one or more of the conditions of patentability under 35 U.S.C. §§ 101, *et. seq.*, including, without limitation, sections 101, 102, 103, and/or 112.

## PRAYER FOR RELIEF

**WHEREFORE**, DMAX prays for judgment as follows:

A.   Declare that DMAX has not infringed, has not contributed to infringement by others of, and has not induced infringement by others of any claims of the '562, '904, and '704 patents, either literally or under the doctrine of equivalents;

B.   Declare that the claims of the '562, '904, and '704 patents are invalid;

C.   Enter an order preliminarily and permanently enjoining Kruse, its officers, directors, servants, managers, employees, agents, successors and assignees, and all persons in active concert or participation with any of them, from directly or

1 indirectly charging DMAX with infringement of any claim of the '562, '904, and '704
2 patents;

3     D.    Declare that this is an exceptional case under 35 U.S.C. § 285 and award
4 DMAX its expenses and attorneys' fees in this action; and

5     E.    Award DMAX such other and further relief as this Court deems just and
6 proper.

7
8
9 DATED:    June 8, 2009          Respectfully submitted by:
10                         KIRKLAND & ELLIS LLP
11
12
13                         By: _____
14                         Philip T. Chen
15                         Attorneys for Defendant and
16                         Counterclaimant
                                DMAX LTD.
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b) and L.R. 38-1, Defendant / Counter-Plaintiff DMAX Ltd. demands a trial by jury of all issues raised by the Counterclaims contained herein that are triable by jury.


DATED:    June 8, 2009                    Respectfully submitted by:

                                          KIRKLAND & ELLIS LLP



                                          By: _____
                                          Philip T. Chen

                                          Attorneys for Defendant and
                                          Counterclaimant
                                          DMAX LTD.

-11-

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the foregoing action; my business address is 777 South Figueroa Street, Suite 3700, Los Angeles, California 90017.

I am readily familiar with the business practice at my place of business for collection and processing correspondence for personal delivery, for mailing with United States Postal Service, for facsimile, and for overnight delivery by Federal Express, Express Mail, or other overnight service.

On June 8, 2009, I caused a copy of the following documents(s):

**ANSWER AND COUNTERCLAIMS OF DMAX LTD.**

to be served on the interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, and addressed as follows:

John B. Sganga, Jr., Esq.         Attorneys for Plaintiff
Karen Vogel Weil, Esq.           KRUSE TECHNOLOGY
Jon W. Gurka, Esq.               PARTNERSHIP
David G. Jankowski, Esq.

KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502
E-mail: jsganga@kmob.com
E-mail: kweil@kmob.com
E-mail: jgurka@kmob.com
E-mail: djankowski@kmob.com

(X) **MAIL:**     Such correspondence was deposited, postage fully paid, with the United States Postal Service on the same day in the ordinary course of business.

( ) **PERSONAL:**    Such envelope was delivered by hand to the offices of the addressee.

-12-

( ) **FACSIMILE:**     Such document was faxed to the facsimile transmission machine with the facsimile machine number stated above. Upon completion of the transmission, the transmitting machine issued a transmission report showing the transmission was complete without error.

(X) **ELECTRONIC MAIL:**     Such document was transmitted by electronic mail to the addressees' email addresses as stated above.

( ) **FEDERAL EXPRESS:**     Such correspondence was deposited on the same day in the ordinary course of business with a facility regularly maintained by Federal Express.

( ) **OVERNIGHT DELIVERY:**     Such correspondence was given on the same day in the ordinary course of business to an authorized courier or a driver authorized by the courier to receive documents.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the above is true and correct.  Executed on June 8, 2009, at Los Angeles, California.


Jelani Solper

-13-