John B. Sganga, Jr. (CSB # 116,211)
jsganga@kmob.com
Karen Vogel Weil (CSB # 145,066)
kweil@kmob.com
Jon W. Gurka (CSB # 187,964)
jugrka@kmob.com
David G. Jankowski (CSB # 205,634)
djankowski@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone:   (949) 760-0404
Facsimile:    (949) 760-9502

Attorneys for Plaintiff/Counterdefendant
KRUSE TECHNOLOGY PARTNERSHIP

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| KRUSE TECHNOLOGY PARTNERSHIP,<br><br>          Plaintiff,<br><br>     v.<br><br>DMAX, LTD.<br><br>          Defendant.<br><br>AND RELATED COUNTERCLAIM | Civil Action No.<br>SACV09-00458 JVS (JWJx)<br><br>**KRUSE TECHNOLOGY PARTNERSHIP'S REPLY TO DMAX LTD.'S COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Hon. James V. Selna |

Pursuant to Fed. R. Civ. P. 8, Plaintiff/Counterdefendant Kruse Technology Partnership ("Kruse") hereby replies to DMAX Ltd.'s ("DMAX") Counterclaims to Plaintiff's First Amended Complaint for Patent Infringement of U.S. Patent Nos. 5,265,562, 6,058,904, and 6,405,704. The numbered paragraphs of this Reply correspond to the numbered paragraphs of DMAX's Counterclaims.

1. Admitted.

2. Admitted.

3. Kruse admits that DMAX's counterclaims purport to state a claim under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.* Kruse denies the remaining allegations set forth in Paragraph 3 of DMAX's Counterclaims.

4. Admitted.

5. Admitted.

6. Kruse incorporates herein by reference its responses contained in paragraphs 1 through 5 of this Reply in response to the allegations of Paragraph 6 of DMAX's Counterclaims.

7. Kruse denies the allegations set forth in Paragraph 7 of DMAX's Counterclaims.

8. Kruse incorporates herein by reference its responses contained in paragraphs 1 through 5 of this Reply in response to the allegations of Paragraph 8 of DMAX's Counterclaims.

9. Kruse denies the allegations set forth in Paragraph 9 of DMAX's Counterclaims.

10. Kruse incorporates herein by reference its responses contained in paragraphs 1 through 5 of this Reply in response to the allegations of Paragraph 10 of DMAX's Counterclaims.

/ / /

11. Kruse denies the allegations set forth in Paragraph 11 of DMAX's Counterclaims.

12. Kruse incorporates herein by reference its responses contained in paragraphs 1 through 5 of this Reply in response to the allegations of Paragraph 12 of DMAX's Counterclaims.

13. Kruse denies the allegations set forth in Paragraph 13 of DMAX's Counterclaims.

14. Kruse incorporates herein by reference its responses contained in paragraphs 1 through 5 of this Reply in response to the allegations of Paragraph 14 of DMAX's Counterclaims.

15. Kruse denies the allegations set forth in Paragraph 15 of DMAX's Counterclaims.

16. Kruse incorporates herein by reference its responses contained in paragraphs 1 through 5 of this Reply in response to the allegations of Paragraph 16 of DMAX's Counterclaims.

17. Kruse denies the allegations set forth in Paragraph 17 of DMAX's Counterclaims.

WHEREFORE, Plaintiff/Counterdefendant Kruse Technology Partnership prays for a judgment in its favor against Defendant/Counterplaintiff DMAX for the following relief:

A. For an Order denying DMAX's Counterclaims and corresponding prayer for relief in their entirety;

B. For an Order adjudging that this is an exceptional case pursuant to 35 U.S.C. § 285;

C. For an award to Kruse of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285;

/ / /

/ / /

     D.     For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: June 10, 2009     By: */s/ John B. Sganga, Jr.*
                                        John B. Sganga, Jr.
                                        Karen Vogel Weil
                                        Jon W. Gurka
                                        David G. Jankowski

                                        Attorneys for Plaintiff/Counterdefendant
                                        KRUSE TECHNOLOGY PARTNERSHIP

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff/Counterdefendant Kruse Technology Partnership demands a jury trial on all issues triable by a jury raised in DMAX's Counterclaims.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: June 10, 2009   By: */s/ John B. Sganga, Jr.*
John B. Sganga, Jr.
Karen Vogel Weil
Jon W. Gurka
David G. Jankowski

Attorneys for Plaintiff/Counterdefendant
KRUSE TECHNOLOGY PARTNERSHIP

7256272