UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-458 JVS (RNBx) | Date | January 29, 2010 |
| Title | Kruse Technology Partnership v. DMAX Ltd. | | |

| | |
|---|---|
| Present: The Honorable | James V. Selna |

| | |
|---|---|
| Karla J. Tunis | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) Order re Isuzu Objection to Kruse 30(b)(6) Notice

In the Joint Pretrial Order entered in this case ("Kruse/Isuzu") and in Kruse Technology Partnership v. DMAX, Ltd., Case No. SACV 09-458 JVS (RNBx) ("Kruse/DMAX") and Kruse Technology Partnership v. General Motors Company, Case No. CV 09-4970 JVS (MLGx) ("Kruse/GM") on January 12, 2010  (Kruse/Isuzu Docket No. 51), the Court adopted procedures for coordinated discovery in these related patent cases.  The objection by Isuzu Motors Limited and Isuzu Commercial Truck of America, Inc. (collectively "Isuzu") represents the first test of those procedures.

Kruse Technology Partnership ("Kruse") has noticed a Rule 30(b)(6) deposition of DMAX, Ltd on a number of topics related to testing of the DMAX engine.  (Kruse Technology Partnership's Notice of Deposition of DMAX, Ltd. Pursuant to Fed. R. Civ. P. 30(b)(6), Ex. A.) Pursuant to the Joint Pretrial Order, Kruse has specified the topics for the deposition.  (Joint Pretrial Order, § B.1.a.)  The Joint Pretrial Order also required Kruse to "identify the case(s) for which it holds a good faith reasonable belief that the topics are relevant."  (Id.)  The deposition notice only bears the caption for Kruse/DMAX and no mention is made in the body of the notice that Kruse intends to take the deposition in Kruse/Isuzu.  Yet that is the silent assumption behind Isuzu's objection, and Kruse's response indicates that it is proceeding on the same assumption. Accordingly, the Court addresses the objection.

I.    Preliminary Matters.

Given that this is the first objection, the Court provides the following guidance.

The parties shall comply with the requirement that they state in the notice, or other form of discovery,  the cases to which the notice, or other forms of discovery, applies.  It would also be preferable to include the caption of each affected case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-458 JVS (RNBx) | Date | January 29, 2010 |
| Title | Kruse Technology Partnership v. DMAX Ltd. | | |

       The Joint Pretrial Order provides that objections will be handled via an *ex parte* application. The Court expects the parties to comply with the Local Rules applicable to *ex parte* applications. L.R. 7-19. Although Local Rule 7-19 does not include a full-blown meet-and-confer requirement (see Local Rule 7-3), the Court expects that the parties will have at least some discussion about the substance of the objection before invoking the opt-out procedure under the Joint Pretrial Order.

       Where part of the application or response is filed under seal, the Court expects to be provided with an unredacted version. The attachments to Kruse's response are redacted. (Zoretic Declaration, Exs. A, B.)

II.     Merits of the Objection.

       The objection is overruled. Evidence with regard to the testing of the DMAX engine may lead to evidence that is admissible and/or evidence that is reasonably calculated to lead to admissible evidence on at least the following topics: Isuzu's participation in the development of the DMAX engine, Isuzu's purchase of DMAX engines and possible infringement flowing therefrom, and secondary considerations regarding the non-obviousness of Kruse's invention. (Fed. R. Civ. 26(b).)

       The Court declines Isuzu's invitation to write off "commercial success" as a secondary factor in the obviousness analysis under 35 U.S.C. § 103. (Objection, p. 3.) Nothing in Rule 26 supports limiting discovery on the basis of the eventual weight of clearly admissible evidence.

       The Court further rejects the argument that this discovery will impose a prejudicial or undue burden on Isuzu. If Isuzu's considered view is that the DMAX 30(b)(6) deposition will produce evidence irrelevant to its case or evidence of minimum value, it is entitled to tailor its participation in light thereof.

       The objection is overruled.

cc:     All Counsel in Kruse Technology Partnership v. DMAX, Ltd., Case No. 09-458 SACV JVS (RNBx) and Kruse Technology Partnership v. General Motors Company, Case No. CV 09-4970 (MLGx)

                                                                      0 : 00

Initials of Preparer    kjt